IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ROBERT LEE PARKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 118-197 |
| ) | |
| LIZ ROBERTS; WARDEN EDWARD ) | |
| PHILBIN; COMMISSIONER GREGORY ) | |
| C. DOZIER; DONNA YOUNG; LISA ) | |
| MAYO; ALICIA ROBIDEAU; ASHLEIGH ) | |
| LANZA; STEVEN H. ROSEBAUM; RITA ) | |
| K. LOMIO; DR. SHARON LEWIS; JAME ) | |
| D. SMITH; CINDY L. SMITH; STAN ) | |
| BAKER; LISA WOOD; NATHAN DEAL; ) | |
| and LYNDA SEWELL HUTSEY, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). The case is now before the Court on Plaintiff's motion for emergency protection order and for screening under the IFP statute. (Doc. no. 9); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. **SCREENING OF THE COMPLAINT**

    A. **BACKGROUND**

Plaintiff names as Defendants: (1) Liz Roberts; (2) Warden Edward Philbin; (3)

Commissioner Gregory C. Dozier; (4) Donna Young; (5) Lisa Mayo; (6) Alicia Robideau; (7) Ashleigh Lanza; (8) Steven H. Rosenbaum; (9) Rita K. Lomio; (10) Sharon Lewis; (11) Jame D. Smith; (12) Cindy L. Smith; (13) Stan Baker; (14) Lisa Wood; (15) Nathan Deal; and (16) Lynda Sewell Hutsey. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges Warden Edward Philbin, Donna Young, and Jame D. Smith concealed and plotted a conspiracy to cause harm or death to Plaintiff. (Id. at 5-7.) On an undisclosed date, Plaintiff sent two letters to the governor's office for protection from the Department of Corrections. (Id. at 5.) Plaintiff sent another two letters to Lynda Sewell Hutsey for protection. (Id. at 6.) Also, he sent more than 300 pages of documents and a letter to Alicia Robideau for protection. (Id.) Plaintiff filled out and filed assault forms. (Id.) In 2018, he received a letter from Steven Rosenbaum after Plaintiff followed up with the Justice Department for protection. (Id.) Plaintiff states he has been held hostage at ASMP for no reason. (Id.) Plaintiff complains U.S. District Judge Stan Baker participated in the plot to cover and conceal when Judge Baker dismissed Plaintiff's complaint with prejudice and denied Plaintiff access to the court. (Id. at 7.)

Generally, Plaintiff alleges every Defendant caused him to suffer grievous harm and deprivation of his rights. (Id. at 5-7.) Further, in an attachment, Plaintiff alleges he is a hostage at ASMP and has been in isolation since his confinement there in September 2016. (Doc. no. 1-1, p. 1.) He alleges there is a plot to cover up and conceal harm or death to him. (Id.) Plaintiff claims unknown persons are trying to use mental health treatment as a cover up. (Id.) Plaintiff requests injunctive relief, $2,900,000 in punitive damages, $5,500,000 in nominal damages, and $50,000,000 in compensatory damages. (Doc. no. 1, p. 8.)

B.  DISCUSSION

1.  **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Defendants

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Here, Plaintiff never alleges any facts sufficient to associate any Defendant with a constitutional violation. His conspiracy allegations against Warden Edward Philbin, Donna Young, and Jame D. Smith only set out the existence of a conspiracy. (See doc. no. 1. pp. 5-7.) He never alleges any facts concerning the nature of the conspiracy or how the Defendants are related in the conspiracy. Additionally, Plaintiff's allegations against the Defendants Hutsey, Robideau, Rosenbaum, Judge Baker, and the governor's office amount to nothing more than conclusory allegations not cognizable as § 1983 claims. (Id.) Generally, Plaintiff's complaint amounts to nothing more than conclusory allegations Defendants harmed him. See Iqbal, 556 U.S. at 678. Therefore, Plaintiff fails to associate any Defendant with a purported constitutional violation.

4

## II. MOTION FOR EMERGENCY PROTECTIVE ORDER

On November 11, 2018, Plaintiff filed a motion for emergency protective order, in which he is alleging substantially similar facts as in his complaint. (Doc. no. 9, p. 1.) Specifically, he is asserting there is a conspiracy and plot to kill and falsely imprison him at ASMP under the guise of mental health. (Id.) Although he characterizes as a motion for protective order, Plaintiff's motion is best characterized as a motion for temporary injunction or preliminary injunction. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot show a likelihood of success on the merits. As discussed above, Plaintiff fails to state a claim because he has not alleged any facts sufficient to associate any Defendant with a constitutional violation. The motion for emergency protection order suffers from the same fatal flaw. Therefore, Plaintiff's motion should be denied.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim, Plaintiff's motion for

5

emergency protective order be **DENIED**, (doc. no. 9), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of December, 2018, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA