IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-197 |
| | ) | |
| LIZ ROBERTS; WARDEN EDWARD PHILBIN; COMMISSIONER GREGORY C. DOZIER; DONNA YOUNG; LISA MAYO; ALICIA ROBIDEAU; ASHLEIGH LANZA; STEVEN H. ROSEBAUM; RITA K. LOMIO; DR. SHARON LEWIS; JAME D. SMITH; CINDY L. SMITH; STAN BAKER; LISA WOOD; NATHAN DEAL; LYNDA SEWELL HUTSEY; BENITA FREEMAN; LILLIE FAISON; DEXTER PROYER; OFFICER CO II JINKINS; VANCE LAUGHLIN, Warden; JOSEPH HUTCHINSON; STANELY WILLIAM; DR. WILLIAM, Mental Health Counselor, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Valdosta State Prison in Valdosta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 for events allegedly occurring at multiple institutions, including Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP").

On December 12, 2018, the Court issued a Report and Recommendation ("R&R") recommending dismissal of Plaintiff's original complaint for failure to state a claim and

denying his motion for emergency protective order. (Doc. no. 12.) On December 26, 2018, Plaintiff objected to the Court's R&R and filed a motion to amend, which the Court granted. (Doc. nos. 14-16.) On January 22, 2019, Plaintiff filed an amended complaint which included a new motion to amend. (Doc. nos. 17; 17-4, p. 1.) However, because the Court directed Plaintiff to file an amended complaint on January 8, 2019, Plaintiff did not need to re-file his motion to amend for the Court to consider his amended complaint. Therefore, the Court shall construe the "motion to amend" as part of Plaintiff's amended complaint, and Plaintiff's motion to amend should be **DENIED AS MOOT**. (Doc. no. 17-4, p. 1.) Plaintiff's amended complaint supersedes his original complaint in its entirety. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case")). Plaintiff's motion for emergency protection order, (doc. no. 9), and amended complaint are before the Court for screening. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

I. SCREENING OF THE AMENDED COMPLAINT

A. BACKGROUND

Plaintiff names as Defendants: (1) Liz Roberts; (2) Warden Edward Philbin; (3) Commissioner Gregory C. Dozier; (4) Donna Young; (5) Lisa Mayo; (6) Alicia Robideau; (7) Ashleigh Lanza; (8) Steven H. Rosenbaum; (9) Rita K. Lomio; (10) Sharon Lewis; (11) Jame D. Smith; (12) Cindy L. Smith; (13) Stan Baker; (14) Lisa Wood; (15) Nathan Deal; (16) Lynda Sewell Hutsey; (17) Benita Freeman; (18) Lillie Faison; (19) Dexter Proyer; (20) Officer CO II Jinkins; (21) Vance Laughlin, Warden; and (22) Joseph Hutchinson; (23) Stanley William; (24)

Dr. William, Mental Health Counselor. (Doc. nos. 17; 17-4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Each Defendant has caused Plaintiff to suffer grievous harm and cruel and unusual punishment. (Doc. no. 17, p. 4.) Over the last eighteen years, unknown correctional officials have cause Plaintiff to be tortured and abused. (Id.) Specifically, Plaintiff complains of events starting at Coffee Correctional Facility in June 2015. (Id. at 5.) On February 24, 2016, he was transferred to Roger State Prison, and on May 2016, he was transferred to Wheeler Correctional Facility. (Id.) On May 26, 2016 at 10:50 a.m., Plaintiff was set up at an unknown private prison to be killed. (Id.) He was then transferred to Reidsville State Prison and subsequently ASMP on unknown dates. (Id.)

Defendants Freeman and Faison, along with staff, set up an attack on Plaintiff to have him killed at Wheeler Correctional Facility. (Id.) Plaintiff has no personal knowledge of the plan to have him killed. (Id.) The plot to kill Plaintiff followed him all the way to ASMP. (Id.)

Generally, Plaintiff alleges every Defendant caused him to suffer grievous harm, were negligently deliberate indifference towards him, falsely imprisoned him, or were a part of a plot to kill him. (Doc. no. 17-4, pp. 1-6.) Further, he is a hostage at ASMP and has been in solitary confinement for four years. (Id. at 1.) Defendants are involved in a plot to cover up and conceal the harm they have caused Plaintiff. (Id. at 1-6.) Plaintiff claims unknown persons are trying to use mental health treatment as a cover up. (Id. at 1.) Plaintiff requests $50,000,000 in money damages, $20,000,000 in punitive damages, $25,000,000 in compensatory damages, and $15,000,000 in nominal damages. (Doc. no. 17, p. 5.)

3

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against Defendants

The Eleventh Circuit has held a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). A claim is frivolous where "it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Gary v. United States Gov't, 540 F. App'x 916, 917 (11th Cir. 2013) (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992)). Stated otherwise, "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id.

Plaintiff's claim is clearly baseless. He never alleges any facts concerning how Defendants caused him grievous harm, was "negligently deliberately indifferent," falsely imprisoned him, tortured him, or plotted to kill him. He merely recites the same form language for every Defendant, stating summarily they have caused him "to suffer grievous harm and deprivation negligent deliberate indifference wh[ile] acting under the color of law."

5

(Doc. no. 17-4, pp. 2-6.) Plaintiff offers no evidence connecting Defendants to any constitutional violation, only his beliefs. Without more than Plaintiff's fanciful and unsubstantiated allegations, Plaintiff cannot connect Defendants to any alleged false imprisonment, deliberate indifference, grievous harm, or plot to kill him. Plaintiff's complaint amounts to nothing more than conclusory allegations Defendants harmed him. See Iqbal, 556 U.S. at 678. Therefore, Plaintiff fails to state a claim against any Defendant.

## II. MOTION FOR EMERGENCY PROTECTIVE ORDER

On November 11, 2018, Plaintiff filed a motion for emergency protective order, in which he alleges substantially similar facts as in his complaint. (Doc. no. 9, p. 1.) Specifically, he asserts there is a conspiracy and plot to kill and falsely imprison him at ASMP under the guise of mental health. (Id.) Although he characterizes his motion as a motion for protective order, Plaintiff's motion is best characterized as a motion for temporary injunction or preliminary injunction. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff cannot show a likelihood of success on the merits. As discussed above, Plaintiff

6

fails to state a claim because he has not alleged any facts sufficient to associate any Defendant with a constitutional violation. The motion for emergency protection order suffers from the same fatal flaw. Therefore, Plaintiff's motion should be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to amend should be **DENIED AS MOOT**, (doc. no. 17-4, p. 1), the amended complaint be **DISMISSED** for failure to state a claim, Plaintiff's motion for emergency protective order be **DENIED**, (doc. no. 9), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of February, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA