IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT LEE PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-197 |
| | ) | |
| LIZ ROBERTS; WARDEN EDWARD | ) | |
| PHILBIN; COMMISSIONER GREGORY | ) | |
| C. DOZIER; DONNA YOUNG; LISA | ) | |
| MAYO; ALICIA ROBIDEAU; ASHLEIGH | ) | |
| LANZA; STEVEN H. ROSEBAUM; RITA | ) | |
| K. LOMIO; DR. SHARON LEWIS; JAME | ) | |
| D. SMITH; CINDY L. SMITH; STAN | ) | |
| BAKER; LISA WOOD; NATHAN DEAL; | ) | |
| LYNDA SEWELL HUTSEY; BENITA | ) | |
| FREEMAN; LILLIE FAISON; DEXTER | ) | |
| PROYER; OFFICER CO II JINKINS; | ) | |
| VANCE LAUGHLIN, Warden; JOSEPH | ) | |
| HUTCHINSON; STANELY WILLIAM; and | ) | |
| DR. WILLIAM, Mental Health Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 25.) Although nothing in Plaintiff's objections undermines the Magistrate Judge's recommendation, the Court will briefly address his arguments.

Plaintiff argues he provided enough facts to support a claim against Defendants and then partially restates the allegations in his amended complaint. (Doc. no. 25, pp. 1-8.)

However, like his amended complaint, Plaintiff's objections fail to show what facts support a claim and how the Magistrate Judge overlooked or did not consider those facts. His restatement of some of his claims exemplifies how he has alleged nothing more than labels and conclusions stating he was harmed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (discussing requirements to state claim). Plaintiff cannot simply state there is a conspiracy, cite the same form language for every Defendant, and allege Defendants harmed him. Id. Plaintiff also argues the Magistrate Judge improperly found Plaintiff's second motion to amend, filed along with his amended complaint, moot. However, as stated in the R&R, Plaintiff's second motion to amend was moot because the Magistrate Judge already granted the leave to amend and a separate motion to amend did not need to be attached to his amended complaint to consider it. Thus, the placeholder motion to amend attached to his amended complaint was properly found moot.

Finally, Plaintiff argues the Magistrate Judge improperly denied appointment of counsel in the December 11, 2018 Order. (Doc. no. 25, pp. 8-9.) Plaintiff also objected to the denial of counsel in his objection to the Magistrate Judge's previously vacated R&R. (Doc. no. 14, p. 3; see doc. nos. 10, 12.) However, Plaintiff has clearly not demonstrated any exceptional circumstances justifying appointment of counsel. See Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) (holding no entitlement to counsel in civil rights cases); Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified appointment of counsel where suspect conduct of prison officials hindered prisoner plaintiff's ability to present essential merits of case and, additionally, where such appointment would alleviate security concerns and help sharpen issues). Plaintiff is clearly

2

capable of presenting his case on his own as indicated by his numerous filings and communication with the Court and was properly denied counsel. Thus, there is nothing in Plaintiff's objections that undermine the Magistrate Judge's R&R.

Additionally, Plaintiff filed motions to supplement his complaint and for default judgment in addition to his objections. (Doc. nos. 23, 24.) Turning to Plaintiff's motion to supplement his complaint, Federal Rule of Civil Procedure 15, which governs amendment of pleadings, provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

If a party is not entitled to amend as a matter right under Rule 15(a)(1), then "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*); Foman v. Davis, 371 U.S. 178, 182 (1962). That said, leave to amend is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz, 133 F. App'x at 699 (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading that it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility 'when the

complaint as amended would still be properly dismissed.'") (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)).

Plaintiff previously filed an amended complaint. Thus, Plaintiff is not entitled to amend as a matter of right and must obtain the Court's leave to amend his amended complaint. Fed. R. Civ. P. 15(a)(1)(B), (2). Although leave to amend is generally freely given, Plaintiff's amendment is futile because it fails to state any claim against the existing Defendants, fails to state a claim against any new Defendants, and does not fix any of the deficiencies pointed out in the Magistrate's R&R.

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

4

Plaintiff's supplemental complaint alleges that upon arriving at Valdosta State Prison ("VSP") in Valdosta, Georgia, he only received "retaliation [,] campaign of harassment[,] and adverse action." (Doc. no. 23, pp. 1.) He goes on to allege an unknown staff member at VSP set up a plot to kill him by employing an inmate at VSP, resulting in Plaintiff being hit in the head by the unknown inmate. (Id.) He further realleges similar allegations in his amended complaint that there is a conspiracy to imprison him and said conspiracy followed and awaited his arrival at VSP from Augusta State Medical Prison in Grovetown, Georgia, which is where the events of Plaintiff's amended complaint allegedly occurred. (Id.; see doc. no. 17.) Finally, Plaintiff provides an affidavit restating the plot to kill him at VSP, asserts new allegations against an unknown medical doctor and mental health staffer who are allegedly involved in the plot to kill Plaintiff, and argues the Georgia Department of Corrections violated constitutional rights by improperly denying his request for a protection order. (Id. at 2.)

As in Plaintiff's amended complaint, Plaintiff's supplemental complaint fails to properly allege any factual basis for his claims or how any Defendant, old or new, harmed him. The supplemental complaint is entirely baseless and clearly fails to state a claim. (See doc. no. 21, pp. 5-6.)

Plaintiff's motion for default judgment is also improper because no Defendants have been served. Federal Rule of Civil Procedure 55 contemplates two steps before entry of a default judgment. First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek

entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain, which is supported with an affidavit showing the amount due; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person. As there has been no prior entry of default by the Clerk, by definition, Plaintiff is not entitled to entry of default judgment under Rule 55(b).

Moreover, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. However, a defendant is not required to file a pleading or otherwise defend himself unless and until he is properly served. <u>Varnes v. Local 91, Glass Bottle Blowers Ass'n of the United States and Canada</u>, 674 F.2d 1365, 1369-70 (11th Cir. 1982) (prohibiting entry of default on amended complaint that was not properly served). Plaintiff argues Defendants were properly served because he filed his complaint with the Court. However, contrary to Plaintiff's assertion, the U.S. Marshal has not yet served the complaint because Plaintiff's complaint is before the Court on screening to protect potential defendants from frivolous claims such as his. Thus, default judgment is not appropriate.

Accordingly, the Court **DENIES** Plaintiff's motions to supplement his complaint and for default judgment, (doc. nos. 23, 24), **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R of the Magistrate Judge as its opinion, **DENIES AS MOOT** Plaintiff's second motion to amend, (doc. no. 17-4, p. 1), **DENIES** Plaintiff's motion for emergency protective order,

6

(doc. no. 9), **DISMISSES** Plaintiff's amended complaint for failure to state a claim upon which relief can be granted, and **CLOSES** this civil action.

SO ORDERED this 5th day of March, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA