IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ROBERT LEE PARKS,                *
                                 *
    Plaintiff,                   *
                                 *
    v.                           *    CV 118-197
                                 *
LIZ ROBERTS, et al.,             *
                                 *
    Defendants.                  *

**ORDER**

Before the Court is Plaintiff's motion to reconsider the Court's March 5, 2019 Order (Doc. 26) and corresponding Clerk's Judgment (Doc. 27). (Doc. 28.) The facts of this case are presented in United States Magistrate Judge Brian K. Epps's February 5, 2019 Report and Recommendation. (R. & R., Doc. 21, at 1-3.) Magistrate Judge Epps recommended dismissing Plaintiff's case for failure to state a claim and denying Plaintiff's emergency protective order. (Id. at 5-7.) In the March 5, 2019 Order, the Court adopted Magistrate Judge Epps's Report and Recommendation. (Mar. 5, 2019 Order, Doc. 26.) On March 18, 2019, Plaintiff filed the present motion to reconsider the March 5, 2019 Order. (Mot. to Recons., Doc. 28.)

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016)

(citation and internal quotation marks); Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence prior to entry of order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray,

2

505 F. App'x 916, 917 (11th Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59(e) or 60. Plaintiff fails to note under which rule he brings this motion for reconsideration; thus, it is up to the Court to determine. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59." Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003). Plaintiff filed his motion to reconsider thirteen days following the challenged order; thus, the Court analyzes Plaintiff's motion under Rule 59(e). Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

Plaintiff's case was dismissed for stating only conclusory allegations in his complaint and "offer[ing] no evidence

3

connecting Defendants to any constitutional violation, only his beliefs." (R. & R., at 5-6; see also Mar. 5, 2019 Order, at 5.) Here, Plaintiff offers no new arguments, facts, or evidence to support the Court reconsidering its March 5, 2019 Order or Clerk's Judgment. Plaintiff parrots the same conclusory allegations as set out in his complaint. (Compare Am. Compl., Doc. 17, at 4-5, and R. & R., at 3, 5-6, with Mot. to Recons., at 3-4.) To the motion to reconsider, Plaintiff attached a grievance from January 8, 2018. (Doc. 28, at 7.) This grievance, however, was included in the amended complaint (Doc. 17-1, at 47); thus, it does not constitute new evidence. See Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) ("[P]arties cannot introduce new evidence post-judgment unless they show that the evidence was previously unavailable.").

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 28) is **DENIED**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this ___7th___ day of October, 2019.

	_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA