IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ROBERT LEE PARKS,           *
                            *
    Plaintiff,              *
                            *
    v.                      *    CV 118-197
                            *
LIZ ROBERTS, et al.,        *
                            *
    Defendants.             *

# ORDER

Before the Court is Plaintiff's motion for leave to appeal *in forma pauperis* ("IFP"). (Doc. 36.) For the following reasons, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, is an inmate at Valdosta State Prison in Valdosta, Georgia. (R. & R., Doc. 21, at 1.) On November 8, 2018, United States Magistrate Judge Brian K. Epps granted Plaintiff's request to proceed IFP (Doc. 2) and, thereafter, screened Plaintiff's amended complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). (R. & R., at 4-6.) Under both sections, a complaint may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. After screening Plaintiff's amended complaint,

Magistrate Judge Epps recommended dismissing Plaintiff's amended complaint because it stated only conclusory allegations and "offered no evidence connecting Defendants to any constitutional violation, only his beliefs."[1] (Id. at 5-6.) Over Plaintiff's objections (Doc. 25), the Court adopted the Report and Recommendation as its opinion, dismissed Plaintiff's amended complaint, and closed this case.[2] (Mar. 5, 2019 Order, Doc. 26.) On March 18, 2019, Plaintiff filed a motion to reconsider the March 5, 2019 Order. (Mot. to Recons., Doc. 28.) Because Plaintiff offered no new arguments, facts, or evidence to support the Court reconsidering its March 5, 2019 Order, the Court denied the motion for reconsideration. (Order, Doc. 35.) Plaintiff filed his original notice of appeal on April 5, 2019, and an amended notice of appeal on April 19, 2019. (Docs. 29, 32.) On October 28, 2019, Plaintiff filed the present motion for leave to proceed on appeal IFP.

## II. DISCUSSION

The requirements for litigants seeking to proceed IFP on appeal are set forth in 28 U.S.C. § 1915. In addition to certain financial requirements, section 1915(a)(3) provides that "[a]n

---

[1] Plaintiff also moved for an emergency protective order, which the Court found was more properly characterized as a motion for an injunction. (R. & R., at 6.) Magistrate Judge Epps recommended denying this motion as well because Plaintiff could not show a likelihood of success on the merits. (Id. at 6-7.)
[2] Plaintiff also filed motions to supplement his complaint (Doc. 23) and for default judgement (Doc. 24), which the Court denied. (Mar. 5, 2019 Order, Doc. 26, at 5-6.)

2

appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." Furthermore, because Plaintiff received IFP status in the district court action, Federal Rule of Appellate Procedure 24(a)(3) applies. Pursuant to Rule 24(a)(3), "A party who was permitted to proceed [IFP] in the district[]court action . . . may proceed on appeal [IFP] without further authorization, unless: (A) the district court . . . certifies that the appeal is not taken in good faith."

An appeal is not taken in good faith if it is frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). The Eleventh Circuit has stated that "frivolous" means "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citations omitted). Trial courts possess "wide discretion" in determining whether to grant a motion for leave to appeal IFP, which is a "privilege" that should be extended "sparingly." Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004) (per curiam) (citations omitted); see also Startti v. United States, 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam) ("There is no absolute right to be allowed to proceed [IFP] in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious.").

Plaintiff makes no argument in his motion to appeal IFP, notices of appeal, or declaration (Doc. 33) as to how the Court

3

erred in finding he failed to state a claim. Plaintiff simply repeats many of the same conclusory statements contained in his amended complaint. (Compare Am. Notice of Appeal, Doc. 32, at 3-4, with Am. Compl., Doc. 17, at 4-5.) Plaintiff's numerous case cites (Am. Notice of Appeal, at 5-8) do not alter the Court's conclusion that Plaintiff failed to factually connect Defendants to any constitutional violation. Thus, the Court can discern no non-frivolous issue to be raised on appeal. For the foregoing reasons, the motion to appeal IFP (Doc. 36) is **DENIED**. The Clerk is **DIRECTED** to transmit this Order to the Eleventh Circuit Court of Appeals.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of December, 2019.

---

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA