IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
ROBERT LEE PARKS,            *
                             *
    Plaintiff,               *
                             *
       v.                    *       CV 118-197
                             *
LIZ ROBERTS, et al.,         *
                             *
    Defendants.              *
```

O R D E R

Before the Court is Plaintiff's motion (Doc. 42) for reconsideration of the Court's May 27, 2020 Order (Doc. 41) and the Mandate of the United States Court of Appeals for the Eleventh Circuit (Doc. 40). The Eleventh Circuit's Mandate dismissed Plaintiff's appeal as frivolous. In the May 27, 2020 Order, the Court made the Mandate of the United States Court of Appeals for the Eleventh Circuit the judgment of this Court. The Court now **DENIES** Plaintiff's motion for reconsideration of the Order. The motion for reconsideration of the Eleventh Circuit's Mandate is not properly before this court and is therefore also **DENIED**.

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb.

22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because it "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through — rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted). It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for reconsideration when plaintiff failed to submit evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). And, ultimately, "the decision to grant a motion for reconsideration 'is committed to the sound discretion of the district judge.'" Townsend v. Gray, 505 F. App'x 916, 917 (11th

Cir. 2013) (quoting Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993)).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Plaintiff notes he brings this action under Eleventh Circuit Rule 41-4 (Doc. 42, at 1) which is inapplicable here. It is therefore up to the Court to determine under which Federal Rule this claim falls. Simply put, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91 (HL), 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). Plaintiff filed his motion for reconsideration seven days following entry of the Order; thus, the Court analyzes Plaintiff's motion under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

3

Plaintiff's appeal was found to be frivolous by the Eleventh Circuit Court of Appeals (Doc. 40) and that finding was adopted by this Court. (Doc. 41.) In the present motion, Plaintiff offers no new arguments, facts, or evidence to support the Court reconsidering its May 27, 2020 Order. In Plaintiff's supporting declaration for this motion (Doc. 42, at 3), he simply recites the text of 42 U.S.C. § 1983, the history of Section 1983 and the text of Article 30 of the Universal Declaration of Human Rights without including any arguments, facts or evidence whatsoever.

For the foregoing reasons, Plaintiff's motion for reconsideration (Doc. 42) of this Court's Order is **DENIED**. The motion for reconsideration with regard to the Mandate of the United States Court of Appeals is also **DENIED**. This case remains **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of September, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA